DS1360450

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2022 FEB 10  AM 10: 43

DEPUTY CLERK_____

| | | |
|---|---|---|
| IN RE: SUBPOENAS TO R. PHELAN | ) | |
| & CUSTODIAN OF RECORDS FOR | ) | Case No. |
| ROBIN PHELAN LAW | ) | |

**3-22MC0016-E**

## NONPARTY'S MOTION TO QUASH SUBPOENAS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Robin E. Phelan, Esquire ("**Phelan**"), (the "**Nonparty**"), individually, and

erroneously identified as a Custodian of Records for Robin Phelan Law[1] and files this Motion to

Quash Subpoenas (the "**Motion**") e-mailed and mailed to him and requesting documents from

Nonparty concerning a matter currently pending before the Eastern District of Pennsylvania, and

in support thereof would respectfully show the Court as follows:

### INTRODUCTION

Phelan is an attorney licensed in the State of Texas and practicing in Dallas, Texas where

he specializes in business insolvency, reorganization and related areas, including extensive

litigation in the bankruptcy and other federal courts. Nonparty understands that Matt Martorello

("**Mr. Martorello**"), Rebecca Martorello ("**Mrs. Martorello**"), Justin Martorello, Eventide Credit

Acquisitions LLC, Gallant Capital LLC, and Liont LLC (collectively "**Defendants**") are parties

to an action currently pending in the Eastern District of Pennsylvania before Judge Chad F.

Kenney, entitled *Armstrong Teasdale LLP v. Matt Martorello, Rebecca Martorello, Justin*

*Martorello, Gallant Capital LLC, Liont LLC, and Eventide Credit Acquisitions LLC v. Richard L.*

*Scheff*, Case No. 2:21-cv-03631 (the "**Pennsylvania Matter**"). Nonparty understands the

Pennsylvania Matter pertains to legal services rendered by Plaintiff Armstrong Teasdale LLP

---

[1] Although a subpoena was drafted as to the Custodian of Records for Robin Phelan Law, no such entity exists.
Accordingly, Non-Party Phelan is the Movant in the Instant Motion to Quash. The content of the subpoena erroneously
directed to the Custodian of Records for Robin Phelan Law is exactly the same as to the subpoena sent to Phelan.

("**Armstrong**" or "**Plaintiff**") to Defendants in that matter during the period October 2018 through September 2020 (the "**Underlying Litigation**").

Phelan has represented Mr. Martorello during the time period which relates to the Pennsylvania Matter. With respect to the Pennsylvania Matter, of which Phelan is not a party, he was e-mailed and overnight mailed a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "**Subpoena**") on January 28, 2022, with a requested date of production of February 10, 2022 at 10:00 am in Philadelphia, Pennsylvania. *See* Declaration of Robin E. Phelan, attached hereto as **Exhibit 1**.

Nonparty requests this Court grant his Motion for the following reasons: (1) the Subpoena is not properly served as required by Federal Rule of Civil Procedure 45(b); (2) the thirteen (13) days given to produce by the Subpoena fails to allow reasonable time to comply; (3) the Subpoena is improperly attempting to require compliance beyond the geographical limits specified by Federal Rule of Civil Procedure 45(c); (4) the Subpoena improperly requires disclosure of privileged or other protected matter, especially as Phelan is involved in continued representation of Defendants named in the Pennsylvania Matter; and (5) compliance with the Subpoenas poses an undue burden upon Phelan. Objections to the Subpoena have been served. *See* Declaration of Robin E. Phelan and Nonparty's Objections and Responses to Plaintiff and Third-Party Defendants' Subpoena. As such, Nonparty respectfully requests this Court grant his Motion to Quash the Subpoenas served upon them as out-of-state Nonparty to the Pennsylvania Matter.

## JURISDICTION

Jurisdiction is proper before this Court pursuant to Federal Rule of Civil Procedure 45(d)(3)(A) which requires a motion to quash or modify a subpoena to be filed in "the court for the district where compliance is required." The place of compliance is determined by Rule 45(c)(2) which states that the "place of compliance" for discovery such as production of documents,

2

electronically stored information, or tangible things is "(A) at a place within 100 miles of where the person resides, is employed or regularly transacts business; and (B) inspection of premises at the premises to be expected."

Here, the Subpoena attempting to command Phelan to produce documents to an office located in Philadelphia, Pennsylvania. However, Phelan resides and works in Dallas, Texas within the geographical limits of the Northern District of Texas. Thus, the "place of compliance" providing an appropriate venue for the Motion must be within 100 miles of Dallas, Texas. As such, this Court has jurisdiction over this Motion.

### A.   The Court Must Quash the Subpoena which was not properly served.

The Subpoena issued by counsel for Armstrong and Mr. Scheff to Phelan are not properly served on Phelan as required by Rule 45(b) of the Federal Rules of Procedure.

A copy of the Subpoena was e-mailed to Phelan on January 28, 2022. A copy of the Subpoena was also sent by overnight delivery. Phelan has not agreed to accept service of any subpoena by e-mail or overnight delivery, nor has he agreed to accept service of any subpoena in the Pennsylvania Matter. He likewise has not voluntarily agreed to provide any documents.

Phelan is not aware of any authority permitting service of a subpoena to a non-party located in Texas by e-mail or overnight mail in this litigation. Rather, any subpoena in the Pennsylvania Matter must be served as required by Rule 45(b) of the Federal Rules of Civil Procedure in order to be valid.

Because the Subpoena issued to Phelan was not properly served, the Subpoena is wholly invalid and impose no legal obligations on Nonparty to respond or produce any documents.

### B.   This Court Must Quash the Subpoena Mailed to Phelan Because They Fail to Allow Reasonable Time to Comply.

3

Federal Rule of Civil Procedure 45(d)(3)(A) provides "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply."

Despite reference to only a "reasonable time" for compliance, other provisions of Rule 45 imply that, at a minimum, a reasonable time must exceed fourteen (14) days. For example, Rule 45(d)(2)(B) states that an "objection must be served *before the earlier of the time specified for compliance or 14 days after the subpoena is served.*" (emphasis added). Additionally, advisory notes from the 1991 amendment to Rule 45 explain that "[t]he 10-day period for response to a subpoena is extended to 14 days to avoid the complex calculations associated with short time periods under Rule 6 and to allow a bit more time for such objections to be made." Because Rule 45 implies that at least fourteen (14) days is appropriate to allow time to object to a subpoena, it follows that a witness should be given at least fourteen (14) days to comply. Thus, less than fourteen (14) days before required compliance constitutes the serving party's failure to allow a reasonable time to comply, and grounds to quash the Subpoenas.

In this case, the Subpoena specify the date and time of production as February 10, 2022 at 10:00 a.m. This date is thirteen (13) days after the Notice of Subpoena and Subpoena was received by Phelan on January 28, 2022. Thus, the actual time frame given for production under the subpoena is unreasonable on its face because Rule 45 implies that at least fourteen (14) days is reasonable.

The thirteen (13) day request is particularly unreasonable in this case where the Subpoena has been e-mailed and mailed to out-of-state Nonparty and the ten (10) categories of requests will likely involve significant time-intensive review, redaction and collection of documents to properly

4

respond to the requested production. For these reasons, the Subpoena fails to allow a reasonable time to comply and must be quashed under Rule 45(d)(3)(A)(i).

**C.  This Court Must Quash the Subpoena Mailed to Phelan Because They Require Compliance Beyond the Geographical Limits Specified in Rule 45(C).**

Federal Rule of Civil Procedure 45(d)(3)(A) provides "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that "(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)." As stated above, Rule 45(c) specifies that the "place of compliance" for discovery such as production of documents, electronically stored information, or tangible things is "(A) at a place within 100 miles of where the person resides, is employed or regularly transacts business; and (B) inspection of premises at the premises to be expected."

Here, Phelan resides and transacts business in Dallas, Texas. Despite being almost 1,500 miles away from the place of compliance, the Subpoena improperly directs Phelan to produce documents in Philadelphia—specifically to the offices of Hangley, Aronchick, Segal, Pudlin, & Schiller, located at One Logan Square, 27th Floor, Philadelphia, Pennsylvania 19103.

The Subpoena commands to produce documents almost 1,500 miles away from an appropriate place of compliance (which would be within 100 miles of Phelan's residence) is contrary to the geographical limits specified by Rule 45(c). As such, and pursuant to Rule 45(d)(3)(A)(ii), this Court must quash the Subpoena.

**D.  This Court Must Quash the Subpoena Mailed to Phelan Because They Require Disclosure of Privileged or Other Protected Matter**

Federal Rule of Civil Procedure 45(d)(3)(A) provides "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that "(iii) requires disclosure of privileged or other protected matter if no exception or waiver applies."

Here, the Subpoena commands, among others, the production of "engagement letters with each Defendant;" "billing invoices for services performed on behalf of Defendants, including without limitation invoices that describe on a monthly basis what work was performed, who performed it, and the charges for the work;" and "All documents referring or relating to any communications among anyone regarding any of the allegations of the Complaint, Amended Complaint, Defendants' Answer, Affirmative Defenses and Counterclaims, and Third Party Complaint."

Phelan has represented, during the Underlying Litigation, and continue to represent Mr. Martorello and some of the Defendants. Thus, Phelan currently represents named Defendants in the Pennsylvania Matter and production of the documents requested by the Subpoena would require disclosure of attorney-client privileged matter that has absolutely no relevance to the Pennsylvania Matter and therefore must be quashed under Rule 45(d)(3)(A)(iii).

**E.    This Court Must Quash the Subpoena Because They Subject Phelan to An Undue Burden.**

Federal Rule of Civil Procedure 45(d)(3)(A) provides "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that "(iv) subjects a person to undue burden."

In this case, the Subpoena commands Phelan to produce ten (10) categories of documents to an office almost 1,500 miles away within thirteen (13) days from the date the Subpoena was served. From the ten (10) categories of requested documents, many documents are protected by the attorney-client privilege or otherwise protected by privacy rights—especially as Phelan has represented Mr. Martorello, his family and his entities prior to the relevant period of the Pennsylvania Matter and are still involved in continued representation of Mr. Martorello and his entities. As such, the document review, identification of privileged material, redaction where

6

necessary and collection for production of documents pursuant to the Subpoena would be time and labor intensive and expensive to Nonparty, making the 13-day timeframe particularly unreasonable. For these reasons, the Subpoenas are unduly burdensome and must be quashed pursuant to Rule 45(d)(3)(A)(iv).

## <u>CONCLUSION</u>

For the forgoing reasons, Nonparty respectfully requests the Court grant his Motion as the Subpoena (1) was not properly served; (2) fails to allow reasonable time to comply; (3) improperly requires compliance beyond the geographical limits specified by Rule 45(c); (4) improperly requires disclosure of privileged or other protected matter and (5) poses an undue burden upon Phelan.

Respectfully Submitted,

By: ___*/s/ Robin Phelan*___
        Robin E. Phelan
        Texas Bar No. 15903000
        robin@phelanlaw.org
        PHELANLAW
        4214 Woodfin Drive
        Dallas, Texas 75220
        Tel. (214)704-0222

**ATTORNEY FOR NONPARTY**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record on this 10th day of February 2022.

John S. Summers, Esquire
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square
18th & Cheny Streets, 27th Floor
Philadelphia, PA 19103
jss@hangley.com

**ATTORNEY FOR PLAINTIFF/COUNTER-DEFENDANT
AND THIRD-PARTY DEFENDANT**

Joseph F. Brophy, Esquire
Marianne Barth, Esquire
Cara Filippelli, Esquire
Brophy & Devaney, PLLC
The Overlook at Barton Creek
317 Grace Lane, Suite 210
Austin, Texas 78746
**Joe@bdlawpllc.com**
**Marianne@bdlawpllc.com**
**Cara@bdlawpllc.com**

George Bochetto, Esquire
Jeffrey W. Ogren, Esquire
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, Pennsylvania 19102
**gbochetto@bochettoandlentz.com**
**jogren@bochettoandlentz.com**

**ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFFS/THIRD-PARTY
PLAINTIFFS**

_____/s/ Robin Phelan_____
Robin Phelan

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: SUBPOENA TO R. PHELAN | ) | |
| & CUSTODIAN OF RECORDS FOR | ) | Case No.: _____ |
| ROBIN PHELAN LAW | ) | |

## DECLARATION OF ROBIN E. PHELAN

1.     My name is Robin E. Phelan. I am over 18 years of age, of sound mind, and capable of making this Declaration. The facts stated in it are based upon my personal knowledge and are true and correct.

2.     I am an attorney licensed in the State of Texas and practicing throughout the United States.

3.     I received a copy, via e-mail and overnight mail, of a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action regarding a matter pending in the Eastern District of Pennsylvania, entitled *Armstrong Teasdale LLP v. Matt Martorello, Rebecca Martorello, Justin Martorello, Gallant Capital LLC, Liont LLC, and Eventide Credit Acquisitions LLC v. Richard L. Scheff*, Case No. 2:21-cv-03631 (the "**Pennsylvania Matter**").

4.     I received a copy via e-mail and overnight mail erroneously identified and addressed to the Custodian of Records for Robin Phelan Law, an entity that doesn't exist. A true and correct copy of the Subpoenas are attached hereto as **Exhibit 1-A**.

5.     The Subpoena directs production of documents by February 10, 2022, at 10:00 am in Philadelphia, Pennsylvania.

6.     I do not currently reside, work, or regularly transact business within 100 miles of Pennsylvania or voluntarily produce any document in connection with this case.

7.     I have not agreed to accept mail service regarding the Pennsylvania Matter.

1

8.      I prepared and served Objections and to the Subpoena on February 9, 2022. A true and correct copy of the Objections are attached hereto as **Exhibit 1-B**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNED on February 9, 2022 in Dallas, Texas.

_____
Robin E. Phelan

2

# EXHIBIT 1-A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of Pennsylvania

| | |
|---|---|
| ARMSTRONG TEASDALE LLP | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    2:21-cv-03631-CFK |
| MATT MARTORELLO, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                      Robin E. Phelan, Esquire
              Robin Phelan Law, 4214 Woodfin Drive, Dallas, TX 75220

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

         See attached Exhibit A

| Place: Hangley Aronchick Segal Pudlin & Schiller | Date and Time: |
|---|---|
| One Logan Square, 27th Floor | |
| Philadelphia, PA 19103 | 02/10/2022 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/28/2022

*CLERK OF COURT*

                                     OR

    *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Armstrong Teasdale, LLP and Richard Scheff                                , who issues or requests this subpoena, are:

Andrew M. Erdlen, Esq.; Hangley Aronchick Segal Pudlin & Schiller, One Logan Square, 27th Floor, Philadelphia, PA 19103; aerdlen@hangley.com; 215 568 6200

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:21-cv-03631-CFK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

  ❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

  ❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

  $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

         _____
             *Server's signature*

         _____
             *Printed name and title*

         _____
             *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly
transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial
expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
(i) At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits
specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research,
development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These
procedures apply to producing documents or electronically stored
information:
(A) *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## INTRODUCTION

This attachment sets forth the documents and things to be produced by you pursuant to this subpoena. You are required to produce all documents and things within your possession, custody and control, including all documents and things in the possession of your attorneys, agents or representatives.

## DEFINITIONS

1.      The "Instant Action" means *Armstrong Teasdale, LLP v. Matt Martorello, et al.*, Civil Action No. 21-3631, pending before the United States District Court for the Eastern District of Pennsylvania.

2.      "Armstrong Teasdale" means Armstrong Teasdale LLP and its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

3.      "Mr. Scheff" means Richard L. Scheff, Esquire, a partner with Armstrong Teasdale.

4.      "Defendant(s)" means any of Matt Martorello, Rebecca Martorello, Justin Martorello, Gallant Capital LLC, Liont LLC, or Eventide Credit Acquisitions LLC, or their subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including

any person who served in any such capacity at any time during the relevant time period specified herein.

5.    "You" or "your" means the individual to whom this subpoena *duces tecum* is issued, as well as any of your law firms, affiliates, colleagues, employees, agents, officers, directors, representatives, consultants, accountants, including any person who served in any such capacity at any time during the relevant time period specified herein.

6.    "Complaint" means Armstrong Teasdale's Complaint filed in the Instant Action on August 14, 2021 [Doc. No. 1], attached as Exhibit B.

7.    "Amended Complaint" means Armstrong Teasdale's Amended Complaint filed in the Instant Action on January 19, 2022 [Doc. No. 43], attached as Exhibit C without its sealed exhibits.

8.    "Counterclaim" means the Verified Answer, Affirmative Defenses and Counterclaims of Defendants Matt Martorello, Gallant Capital LLC, Liont LLC and Eventide Credit Acquisitions LLC, filed in the Instant Action on December 10, 2021 [Doc. No. 24], attached as Exhibit D.

9.    "Third Party Complaint" means Defendants' Third Party Complaint, filed in the Instant Action on December 22, 2021 [Doc. No. 27], attached as Exhibit E.

10.    "Underlying Litigation" means all matters listed in paragraphs 23 and 25 of the Amended Complaint, as well as defendant Eventide Credit Acquisition's bankruptcy proceedings, including without limitation Case No. 20-40349 (Bankr. N.D. Tex.).

11.    "Armstrong Teasdale Discovery Requests" means each and all of:

      a.    Plaintiff Armstrong Teasdale LLP and Third-Party Defendant Richard L. Scheff's January 13, 2022 Interrogatories, Requests for Production, and Requests for Admission Directed to Defendant

Matt Martorello, attached as Exhibit F.

b.    Plaintiff Armstrong Teasdale LLP and Third-Party Defendant Richard L. Scheff's January 13, 2022 Interrogatories, Requests for Production, and Requests for Admission Directed to Defendant Justin Martorello, attached as Exhibit G.

c.    Plaintiff Armstrong Teasdale LLP and Third-Party Defendant Richard L. Scheff's January 13, 2022 Interrogatories, Requests for Production, and Requests for Admission Directed to Defendant Rebecca Martorello, attached as Exhibit H.

d.    Plaintiff Armstrong Teasdale LLP and Third-Party Defendant Richard L. Scheff's January 13, 2022 Interrogatories, Requests for Production, and Requests for Admission Directed to Defendant Gallant Capital LLC, attached as Exhibit I.

e.    Plaintiff Armstrong Teasdale LLP and Third-Party Defendant Richard L. Scheff's January 13, 2022 Interrogatories, Requests for Production, and Requests for Admission Directed to Defendant Eventide Credit Acquisitions, LLC, attached as Exhibit J.

f.    Plaintiff Armstrong Teasdale LLP and Third-Party Defendant Richard L. Scheff's January 13, 2022 Interrogatories, Requests for Production, and Requests for Admission Directed to Defendant Liont LLC, attached as Exhibit K.

12.    "Document(s)" or "Information" means all materials within the scope of Federal Rule of Civil Procedure 34, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information (ESI), that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "Document(s)" or "Information" includes but is not limited to emails and other types of messages (including but not limited to text, instant, and direct messages), social media or other online content,

- 3 -

geolocation data, data generated and stored by devices connected to the Internet of Things, communications generated and stored in workplace collaboration tools or ephemeral messaging applications, and all associated data and metadata.

13.   "Relating to" or "relate to" mean constituting, mentioning, recording, discussing, describing, reflecting, identifying, dealing with, consisting of, explaining, referring to, referencing, containing, enumerating, or in any way concerning or pertaining to, in whole or in part, directly or indirectly.

14.   "Communication" means the transmission of messages, information, or ideas by speech, writing, or electronic means, as well as the messages, information, or ideas so expressed or exchanged.  Communication includes all documents evidencing communications.

15.   "Person" means any natural person or any entity, including, without limitation, an association, partnership, corporation, limited liability company, joint venture, group, firm, organization, governmental or quasigovernmental entity, and every other organization of whatever sort.

16.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

17.   The word "any" shall include "all" and vice versa.

18.   The singular shall include the plural and vice versa, and the conjunctive shall include the disjunctive and vice versa, in order to give these requests their broadest scope.

19.   Defined terms are to be given the foregoing meanings whether or not they are capitalized.

## INSTRUCTIONS

1.      This Subpoena calls for the production of all documents that are known or available to you, including all documents in your possession, custody, or control, or otherwise available to you, or in the possession, custody, or control of your agents, employees, affiliates, subsidiaries, directors, independent contractors, attorneys, consultants, accountants, investigators, analysts, representatives or any other person acting or purporting to act on your behalf or under your direction or control.

2.      Each document shall be produced in its entirety, without abbreviation, redaction or expurgation, including all translations, attachments, appendices, exhibits, lists, schedules or other matters at any time affixed thereto.

3.      Each tangible thing shall be produced intact, without alteration or modification, and in the condition in which it was kept in the ordinary course of business.

4.      The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with a particular request.

5.      Documents originally generated or received in electronic format or text message shall be forensically collected and produced as single-page TIFFs with standard load files and OCR text (other than spreadsheets, which shall be produced in their native format).

6.      If no documents exist that are responsive to a particular request, state so in writing.

7.      Any copy of a document that varies in any way from the original or any other copy of the document shall constitute a separate document and must be produced,

regardless of whether the original of such document is within your possession, custody, or control.

8.    If objection(s) is/are made to any request or part thereof, state with specificity the reasons for each objection and the part of the request to which the objection is made, state whether you are withholding any responsive documents on the basis of such objection, respond to the remainder of the request to the extent you are not objecting to it, and produce document(s) relating to the remaining part(s) of the request.

9.    If you claim that any document or communication responsive to these requests is privileged or otherwise non-discoverable, you must identify each document or communication in a separate log to be furnished at the same time as your response to these requests.  This log shall include all information required by Federal Rule of Civil Procedure 45(e)(2), including with respect to each document or communication: (1) the date of the document or communication; (2) its author or speaker; (3) all persons receiving the document or communication and any copies; (4) the nature and form of the document or communication (*e.g.*, letter, memorandum, phone call, etc.); (5) the subject matter identified in the document or communication; and (6) the specific privilege claimed and the basis for such claim or other reason the document or communication is asserted to be non-discoverable.

10.    If any document or communication requested herein is known to have existed and cannot be located or has been deleted, lost or destroyed, you are requested to submit a written statement which: describes in detail the nature of the document or communication, including a summary of its contents; identifies the person who prepared or authored the document or communication and, if applicable, any persons to whom the document or communication was sent or shown; specifies the date on which

the document or communication was prepared, transmitted, or both; specifies the date on which the document or communication was deleted, lost or destroyed; if deleted or destroyed, describes the reasons for the deletion or destruction of the document or communication; as to lost or misplaced documents or communications, describes the efforts made to locate such documents or communications; identifies the persons requesting and performing the deletion or destruction of the document or communication; and identifies the last known custodian of the document or communication.

11.     Unless otherwise specified, the Subpoena seeks documents for the period September 1, 2017 to the present and use the term Underlying Litigation to refer to the various litigations referenced in Armstrong Teasdale's Amended Complaint at paragraphs 23 and 25.

12.     We will provide a separate Zip File enclosing Attachments B through K.

## **REQUESTS**

1.     All documents referring or relating to any communications among anyone regarding any allegation that (a) Armstrong Teasdale's billings were unreasonable or excessive; and/or (b) Armstrong Teasdale or Mr. Scheff engaged in professional negligence, negligent misrepresentation or breach of fiduciary duty, good faith and fair dealing.

2.     All documents referring or relating to any communications among anyone regarding Defendants' failure to pay Armstrong Teasdale's fees, including without limitation any reason for non-payment.

3.     Your or your law firm's engagement letters with each Defendant.

4.      All of you or your law firm's billing invoices for services performed on behalf of Defendants, including without limitation invoices that describe on a monthly basis what work was performed, who performed it, and the charges for the work.

5.      Documents sufficient to show Defendants' payment history of you or your law firm's billing invoices (i.e., dates invoices sent, payments made and outstanding balance).

6.      All documents referring or relating to any communications among anyone regarding any of the allegations of the Complaint, Amended Complaint, Defendants' Answer, Affirmative Defenses and Counterclaims, and Third Party Complaint.

7.      All documents referring or relating to whether Armstrong Teasdale was cooperating with you, your law firm or replacement counsel regarding the Underlying Litigation.

8.      All documents referring or relating to all communications with Brophy & Devaney, LLC and/or Bochetto & Lentz PC concerning any of the allegations of the Complaint, Amended Complaint, Defendants' Answer, Affirmative Defenses and Counterclaims, and Third Party Complaint.

9.      All documents referring or relating to communications with any person relating to Armstrong Teasdale's Discovery Requests, including without limitation all communications concerning Armstrong Teasdale's Discovery Requests and all documents provided to anyone in response to Armstrong Teasdale's Discovery Requests.

10.     All documents called for by Armstrong Teasdale's Discovery Requests but not provided to representatives of Brophy & Devaney, LLC and/or Bochetto & Lentz PC.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| ARMSTRONG TEASDALE LLP | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:21-cv-03631-CFK |
| MATT MARTORELLO, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               Custodian of Records, Robin Phelan Law
             Robin Phelan Law, 4214 Woodfin Drive, Dallas, TX 75220

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
        **See attached Exhibit A**

| Place: Hangley Aronchick Segal Pudlin & Schiller | Date and Time: |
|---|---|
| One Logan Square, 27th Floor | |
| Philadelphia, PA 19103 | 02/10/2022 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/28/2022

              *CLERK OF COURT*
                                OR

    *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Armstrong Teasdale, LLP and Richard Scheff                              , who issues or requests this subpoena, are:

Andrew M. Erdlen, Esq.; Hangley Aronchick Segal Pudlin & Schiller, One Logan Square, 27th Floor, Philadelphia, PA 19103; aerdlen@hangley.com; 215 568 6200

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:21-cv-03631-CFK

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
   **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
   **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
   **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
   **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## EXHIBIT A

### INTRODUCTION

This attachment sets forth the documents and things to be produced by you pursuant to this subpoena. You are required to produce all documents and things within your possession, custody and control, including all documents and things in the possession of your attorneys, agents or representatives.

### DEFINITIONS

1.      The "Instant Action" means *Armstrong Teasdale, LLP v. Matt Martorello, et al.*, Civil Action No. 21-3631, pending before the United States District Court for the Eastern District of Pennsylvania.

2.      "Armstrong Teasdale" means Armstrong Teasdale LLP and its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

3.      "Mr. Scheff" means Richard L. Scheff, Esquire, a partner with Armstrong Teasdale.

4.      "Defendant(s)" means any of Matt Martorello, Rebecca Martorello, Justin Martorello, Gallant Capital LLC, Liont LLC, or Eventide Credit Acquisitions LLC, or their subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including

any person who served in any such capacity at any time during the relevant time period specified herein.

5.    "You" or "your" means the individual to whom this subpoena *duces tecum* is issued, as well as any of your law firms, affiliates, colleagues, employees, agents, officers, directors, representatives, consultants, accountants, including any person who served in any such capacity at any time during the relevant time period specified herein.

6.    "Complaint" means Armstrong Teasdale's Complaint filed in the Instant Action on August 14, 2021 [Doc. No. 1], attached as Exhibit B.

7.    "Amended Complaint" means Armstrong Teasdale's Amended Complaint filed in the Instant Action on January 19, 2022 [Doc. No. 43], attached as Exhibit C without its sealed exhibits.

8.    "Counterclaim" means the Verified Answer, Affirmative Defenses and Counterclaims of Defendants Matt Martorello, Gallant Capital LLC, Liont LLC and Eventide Credit Acquisitions LLC, filed in the Instant Action on December 10, 2021 [Doc. No. 24], attached as Exhibit D.

9.    "Third Party Complaint" means Defendants' Third Party Complaint, filed in the Instant Action on December 22, 2021 [Doc. No. 27], attached as Exhibit E.

10.    "Underlying Litigation" means all matters listed in paragraphs 23 and 25 of the Amended Complaint, as well as defendant Eventide Credit Acquisition's bankruptcy proceedings, including without limitation Case No. 20-40349 (Bankr. N.D. Tex.).

11.    "Armstrong Teasdale Discovery Requests" means each and all of:

      a.    Plaintiff Armstrong Teasdale LLP and Third-Party Defendant Richard L. Scheff's January 13, 2022 Interrogatories, Requests for Production, and Requests for Admission Directed to Defendant

Matt Martorello, attached as Exhibit F.

b.  Plaintiff Armstrong Teasdale LLP and Third-Party Defendant Richard L. Scheff's January 13, 2022 Interrogatories, Requests for Production, and Requests for Admission Directed to Defendant Justin Martorello, attached as Exhibit G.

c.  Plaintiff Armstrong Teasdale LLP and Third-Party Defendant Richard L. Scheff's January 13, 2022 Interrogatories, Requests for Production, and Requests for Admission Directed to Defendant Rebecca Martorello, attached as Exhibit H.

d.  Plaintiff Armstrong Teasdale LLP and Third-Party Defendant Richard L. Scheff's January 13, 2022 Interrogatories, Requests for Production, and Requests for Admission Directed to Defendant Gallant Capital LLC, attached as Exhibit I.

e.  Plaintiff Armstrong Teasdale LLP and Third-Party Defendant Richard L. Scheff's January 13, 2022 Interrogatories, Requests for Production, and Requests for Admission Directed to Defendant Eventide Credit Acquisitions, LLC, attached as Exhibit J.

f.  Plaintiff Armstrong Teasdale LLP and Third-Party Defendant Richard L. Scheff's January 13, 2022 Interrogatories, Requests for Production, and Requests for Admission Directed to Defendant Liont LLC, attached as Exhibit K.

12.  "Document(s)" or "Information" means all materials within the scope of Federal Rule of Civil Procedure 34, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information (ESI), that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things.  A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments. The term "Document(s)" or "Information" includes but is not limited to emails and other types of messages (including but not limited to text, instant, and direct messages), social media or other online content,

geolocation data, data generated and stored by devices connected to the Internet of Things, communications generated and stored in workplace collaboration tools or ephemeral messaging applications, and all associated data and metadata.

13.   "Relating to" or "relate to" mean constituting, mentioning, recording, discussing, describing, reflecting, identifying, dealing with, consisting of, explaining, referring to, referencing, containing, enumerating, or in any way concerning or pertaining to, in whole or in part, directly or indirectly.

14.   "Communication" means the transmission of messages, information, or ideas by speech, writing, or electronic means, as well as the messages, information, or ideas so expressed or exchanged.  Communication includes all documents evidencing communications.

15.   "Person" means any natural person or any entity, including, without limitation, an association, partnership, corporation, limited liability company, joint venture, group, firm, organization, governmental or quasigovernmental entity, and every other organization of whatever sort.

16.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

17.   The word "any" shall include "all" and vice versa.

18.   The singular shall include the plural and vice versa, and the conjunctive shall include the disjunctive and vice versa, in order to give these requests their broadest scope.

19.   Defined terms are to be given the foregoing meanings whether or not they are capitalized.

## **INSTRUCTIONS**

1.      This Subpoena calls for the production of all documents that are known or available to you, including all documents in your possession, custody, or control, or otherwise available to you, or in the possession, custody, or control of your agents, employees, affiliates, subsidiaries, directors, independent contractors, attorneys, consultants, accountants, investigators, analysts, representatives or any other person acting or purporting to act on your behalf or under your direction or control.

2.      Each document shall be produced in its entirety, without abbreviation, redaction or expurgation, including all translations, attachments, appendices, exhibits, lists, schedules or other matters at any time affixed thereto.

3.      Each tangible thing shall be produced intact, without alteration or modification, and in the condition in which it was kept in the ordinary course of business.

4.      The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with a particular request.

5.      Documents originally generated or received in electronic format or text message shall be forensically collected and produced as single-page TIFFs with standard load files and OCR text (other than spreadsheets, which shall be produced in their native format).

6.      If no documents exist that are responsive to a particular request, state so in writing.

7.      Any copy of a document that varies in any way from the original or any other copy of the document shall constitute a separate document and must be produced,

- 5 -

regardless of whether the original of such document is within your possession, custody, or control.

8.      If objection(s) is/are made to any request or part thereof, state with specificity the reasons for each objection and the part of the request to which the objection is made, state whether you are withholding any responsive documents on the basis of such objection, respond to the remainder of the request to the extent you are not objecting to it, and produce document(s) relating to the remaining part(s) of the request.

9.      If you claim that any document or communication responsive to these requests is privileged or otherwise non-discoverable, you must identify each document or communication in a separate log to be furnished at the same time as your response to these requests.  This log shall include all information required by Federal Rule of Civil Procedure 45(e)(2), including with respect to each document or communication: (1) the date of the document or communication; (2) its author or speaker; (3) all persons receiving the document or communication and any copies; (4) the nature and form of the document or communication (*e.g.*, letter, memorandum, phone call, etc.); (5) the subject matter identified in the document or communication; and (6) the specific privilege claimed and the basis for such claim or other reason the document or communication is asserted to be non-discoverable.

10.     If any document or communication requested herein is known to have existed and cannot be located or has been deleted, lost or destroyed, you are requested to submit a written statement which: describes in detail the nature of the document or communication, including a summary of its contents; identifies the person who prepared or authored the document or communication and, if applicable, any persons to whom the document or communication was sent or shown; specifies the date on which

- 6 -

the document or communication was prepared, transmitted, or both; specifies the date on which the document or communication was deleted, lost or destroyed; if deleted or destroyed, describes the reasons for the deletion or destruction of the document or communication; as to lost or misplaced documents or communications, describes the efforts made to locate such documents or communications; identifies the persons requesting and performing the deletion or destruction of the document or communication; and identifies the last known custodian of the document or communication.

11.     Unless otherwise specified, the Subpoena seeks documents for the period September 1, 2017 to the present and use the term Underlying Litigation to refer to the various litigations referenced in Armstrong Teasdale's Amended Complaint at paragraphs 23 and 25.

12.     We will provide a separate Zip File enclosing Attachments B through K.

## **REQUESTS**

1.     All documents referring or relating to any communications among anyone regarding any allegation that (a) Armstrong Teasdale's billings were unreasonable or excessive; and/or (b) Armstrong Teasdale or Mr. Scheff engaged in professional negligence, negligent misrepresentation or breach of fiduciary duty, good faith and fair dealing.

2.     All documents referring or relating to any communications among anyone regarding Defendants' failure to pay Armstrong Teasdale's fees, including without limitation any reason for non-payment.

3.     Your or your law firm's engagement letters with each Defendant.

- 7 -

4.      All of you or your law firm's billing invoices for services performed on behalf of Defendants, including without limitation invoices that describe on a monthly basis what work was performed, who performed it, and the charges for the work.

5.      Documents sufficient to show Defendants' payment history of you or your law firm's billing invoices (i.e., dates invoices sent, payments made and outstanding balance).

6.      All documents referring or relating to any communications among anyone regarding any of the allegations of the Complaint, Amended Complaint, Defendants' Answer, Affirmative Defenses and Counterclaims, and Third Party Complaint.

7.      All documents referring or relating to whether Armstrong Teasdale was cooperating with you, your law firm or replacement counsel regarding the Underlying Litigation.

8.      All documents referring or relating to all communications with Brophy & Devaney, LLC and/or Bochetto & Lentz PC concerning any of the allegations of the Complaint, Amended Complaint, Defendants' Answer, Affirmative Defenses and Counterclaims, and Third Party Complaint.

9.      All documents referring or relating to communications with any person relating to Armstrong Teasdale's Discovery Requests, including without limitation all communications concerning Armstrong Teasdale's Discovery Requests and all documents provided to anyone in response to Armstrong Teasdale's Discovery Requests.

10.     All documents called for by Armstrong Teasdale's Discovery Requests but not provided to representatives of Brophy & Devaney, LLC and/or Bochetto & Lentz PC.

# EXHIBIT 1-B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMSTRONG TEASDALE LLP<br><br>     Plaintiff/Counter-Defendant,<br><br>vs.<br><br>MATT MARTORELLO, REBECCA<br>MARTORELLO, JUSTIN MARTORELLO,<br>GALLANT CAPITAL LLC, LIONT LLC, and<br>EVENTIDE CREDIT ACQUISITIONS LLC<br><br>     Defendants/Counter-Plaintiffs/Third-Party Plaintiffs<br><br>vs.<br><br>RICHARD L. SCHEFF<br><br>     Third-Party Defendant. | Case No.: 2:21-cv-03631 |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF AND THIRD-PARTY DEFENDANT'S SUBPOENA TO NON-PARTY

Pursuant to Fed. R. Civ. P. 45, Defendants/Counter-Plaintiffs/Third-Party Plaintiffs Matt Martorello, Rebecca Martorello, Justin Martorello, Gallant Capital LLC, Liont LLC and Eventide Credit Acquisitions LLC (collectively "**Defendants**") serve their Objections and Responses to Plaintiff/Counter-Defendant Armstrong Teasdale LLP ("**Armstrong**" or "**Plaintiff**") and Third-Party Defendant Richard L. Scheff's ("**Mr. Scheff**" or "**Third-Party Defendant**") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and the requests contained therein (the "**Subpoena**") to Non-Parties Robin E. Phelan, Esquire ("**Mr. Phelan**")[1], individually, and erroneously as a Custodian of Records for Robin

---

[1] Although a subpoena was drafted as to the Custodian of Records for Robin Phelan Law, no such entity exists. Accordingly, Non-Party Phelan is the Movant in the Instant Motion to Quash. The content of the subpoena erroneously directed to the Custodian of Records for Robin Phelan Law is exactly the same as to the subpoena sent to Phelan.

1

Phelan Law (his "**Firm**") (collectively "**Non-Parties**").

Respectfully Submitted,

**BROPHY & DEVANEY, PLLC**

By:  ___*/s/ Marianne Barth*___
        Joseph F. Brophy, admitted *pro hac vice*
        Marianne Barth, admitted *pro hac vice*
        Cara Filippelli, admitted *pro hac vice*
        The Overlook at Barton Creek
        317 Grace Lane, Suite 210
        Austin, Texas 78746
        Phone: (512)910-7797
        Joe@bdlawpllc.com
        Marianne@bdlawpllc.com
        Cara@bdlawpllc.com

        George Bochetto (PA ID# 27783)
        Jeffrey W, Ogren (PA ID# 59090)
        1524 Locust Street
        Philadelphia, PA 19102
        Phone: (215)735-3900
        gbochetto@bochettoandlentz.com
        jogren@bochettoandlentz.com

**ATTORNEYS FOR
DEFENDANTS/COUNTER-
PLAINTIFFS/THIRD-PARTY PLAINTIFFS**

2

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record on this 9th day of February 2022.

John S. Summers, Esquire
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square
18th & Cheny Streets, 27th Floor
Philadelphia, PA 19103
jss@hangley.com

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT
AND THIRD-PARTY DEFENDANT**

Robin E. Phelan
robin@phelanlaw.org
PHELANLAW
4214 Woodfin Drive
Dallas, Texas 75220
Tel. (214)704-0222


                                        */s/ Marianne Barth*
                                        Marianne Barth

3

## GENERAL OBJECTIONS

1.      Defendants object to the Subpoena as service was not proper as required by Fed. R. Civ. P. 45 (b).

2.      Defendants object to the Subpoena as it fails to comply with Fed. R. Civ. P. 45 (d)(3)(A)(i) by failing to allow a reasonable time to comply.

3.      Defendants object to the Subpoena as it fails to comply with Fed. R. Civ. P. 45 (d)(3)(A)(ii) by requiring compliance beyond the geographical limits specified in Rule 45(c).

4.      Defendants object to the Subpoena as it fails to comply with Fed. R. Civ. P. 45 (d)(3)(A)(iii) by requiring disclosure of privileged or other protected matter.

5.      Defendants object to the Subpoena as it fails to comply with Fed. R. Civ. P. 45(d)(3)(A)(iv) by imposing an undue burden.

## OBJECTIONS AND RESPONSES

1.      All documents referring or relating to any communications among anyone regarding any allegation that (a) Armstrong Teasdale's billings were unreasonable or excessive; and/or (b) Armstrong Teasdale or Mr. Scheff engaged in professional negligence, negligent misrepresentation or breach of fiduciary duty, good faith and fair dealing.

**RESPONSE:** Defendants object to this request as it is overbroad, burdensome and lacks specificity. Requesting any communications among anyone regarding any allegation is overbroad. Additionally, Non-Party has represented one or more of the Defendants prior to and following the filing of the Instant Action and as a result, the request may result in the disclosure of confidential information protected by the attorney-client privilege. Furthermore, the over breadth of this request will cause an undue burden and expense on Non-Party to collect, review and produce.

2.      All documents referring or relating to any communications among anyone

4

regarding Defendants' failure to pay Armstrong Teasdale's fees, including without limitation any reason for non-payment.

**RESPONSE:** Defendants object to this request as it is overbroad and lacks specificity. Requesting any communications among anyone is overbroad. Defendants further object because the request does not identify with specificity the exact documents which it seeks. Additionally, Non-Party has represented one or more of the Defendants prior to and following the filing of the Instant Action and as a result, the request may result in the disclosure of confidential information protected by the attorney-client privilege. Furthermore, the over breadth of this request will cause an undue burden and expense on Non-Party to collect, review and produce.

3.      Your or your law firm's engagement letters with each Defendant.

**RESPONSE:** Defendants object to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, the requested information is protected from disclosure by the attorney-client privilege.

4.      All of you or your law firm's billing invoices for services performed on behalf of Defendants, including without limitation invoices that describe on a monthly basis what work was performed, who performed it, and the charges for the work.

**RESPONSE:** Defendants object to this request as it is overbroad and lacks specificity as to the exact documents which it seeks. Defendants further object to this request as not reasonably calculated to lead to the discovery of admissible evidence because the documents have no relevance to the claims in the Instant Action. Additionally, Non-Party has represented one or more of the Defendants prior to and following the filing of the Instant Action and as a result, the request will result in the disclosure of confidential information protected by the attorney-client. Furthermore, the over breadth of this request will cause an undue burden and expense on Non-

5

Party to collect, review and produce.

5.      Documents sufficient to show Defendants' payment history of your or your law firm's billing invoices (i.e., dates invoices sent, payments made and outstanding balance).

**RESPONSE:** Defendants object to this request as it is overbroad. Defendants further object to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Non-Party has represented one or more of the Defendants prior to and following the filing of the Instant Action and as a result, the request will result in the disclosure of confidential information protected by the attorney-client privilege.

6.      All documents referring or relating to any communications among anyone regarding any of the allegations of the Complaint, Amended Complaint, Defendants' Answer, Affirmative Defenses and Counterclaims, and Third-Party Complaint.

**RESPONSE:** Defendants object to this request as it is overbroad and lacks specificity. Defendants further object to this request as not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Non-Party has represented one or more of the Defendants prior to and following the filing of the Instant Action and as a result, the request may result in the disclosure of confidential information protected by the attorney-client privilege.

7.      All documents referring or relating to whether Armstrong Teasdale was cooperating with you, your law firm, or replacement counsel regarding the Underlying Litigation.

**RESPONSE:** Defendants object to this request as it is overbroad and lacks specificity. Additionally, the requested documents as to Armstrong Teasdale cooperating with Non-Party, to the extent same exists, are equally available through Armstrong Teasdale

8.      All documents referring or relating to any communications with Brophy & Devaney, LLC and/or Bochetto & Lentz PC concerning any of the allegations of the Complaint,

Amended Complaint, Defendants' Answer, Affirmative Defenses and Counterclaims, and Third-Party Complaint.

**RESPONSE:** Defendants object to this request as it is overbroad and lacks specificity. Additionally, Non-Party has represented one or more of the Defendants prior to and following the filing of the Instant Action and as a result, the request will result in the disclosure of confidential information protected by the attorney-client and attorney work product.

9.    All documents referring or relating to communications with any person relating to Armstrong Teasdale's Discovery Requests, including without limitation all communications concerning Armstrong Teasdale's Discovery Requests and all documents provided to anyone in response to Armstrong Teasdale's Discovery Requests.

**RESPONSE:** Defendants object to this request as it is overbroad and lacks specificity. Plaintiff and Third-Party Defendant have not attached copies of the referenced discovery request and therefore Defendants object as not reasonably calculated to lead to the discovery of admissible evidence because the request does not identify with specificity the exact documents it seeks. Additionally, Non-Party has represented one or more of the Defendants prior to and following the filing of the Instant Action and as a result, the request will result in the disclosure of confidential information protected by the attorney-client privilege.

10.    All documents called for by Armstrong Teasdale's Discovery Requests but not provided to representatives of Brophy & Devaney, LLC and/or Bochetto & Lentz, PC.

**RESPONSE:** Defendants object to this request as to scope. Non-Party is not parties to and participating in the Instant Action and have no discovery obligations, and compelling Non-Parties to do so is also objectionable as burdensome and oppressive. Defendants further object to this request as not reasonably calculated to lead to the discovery of admissible evidence.

7